C

**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*Pardis Gheibi*
*Trial Attorney*
*Pardis.gheibi@usdoj.gov*

*1100 L St., N.W.*
*Washington, DC 20005*

*PHONE: 202-305-3246*

November 2, 2026

**Via Email**

Charles D. Tobin
Ballard Spahr LLP
1909 K Street NW
12th Floor
Washington, DC 20006
Email: TobinC@ballardspahr.com

*Re:* *President Donald J. Trump v. British Broadcasting Corp.*, 1:25-cv-25894 (S.D. Fla.)

Counsel,

This letter responds on behalf of the Department of Justice (the "Department") to the subpoena request from the British Broadcasting Corporation (the "BBC"), which seeks to depose Jack Smith in his capacity as former Special Counsel at the Department, in connection with the above-referenced lawsuit. *See* Ltr. From M. Mishkin to P. Gheibi (Oct. 28, 2026) ("BBC Letter") (attached as Exhibit A); *Trump v. BBC*, Subpoena to Testify at a Deposition in a Civil Action to Jack Smith (S.D. Fla.) (Exhibit B). In particular, your request seeks testimony from Mr. Smith "regarding the evidence that Mr. Smith obtained over the course of his investigation" into the events of January 6, 2021, and "the sources of his evidence (including . . . name[s] [of] specific witnesses)." BBC Letter at 2-3.

As you are aware, the Department has promulgated regulations governing third-party requests for the production of official documents or testimony. 28 C.F.R. § 16.21 *et seq.* (*Touhy* regulations); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Specifically, in cases where the United States is not a party, as here, the Department's *Touhy* regulations prohibit current and former employees from disclosing "any material contained in the files of the Department" and "any information relating to or based upon material contained in the files of the Department," without prior approval from the proper Department officials. 28 C.F.R. § 16.22(a). Section 16.22(c) additionally requires that a *Touhy* demand for testimony include "a summary of the testimony sought and its relevance to the proceeding." *Id.* at § 16.22(c).

In considering a request for information, the Department analyzes, among other things, the factors in section 16.26 of the *Touhy* regulations. Thus, the Department considers whether the request is appropriate under the applicable rules of procedure and whether compliance with the request would involve disclosure of privileged information, or information otherwise protected by statute or regulation. *See id.* at § 16.26. The considerations in section 16.26, however, are not

exhaustive. *See id.* § 16.26(b) ("*Among* the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist . . ." (emphasis added)). The Department reserves the right to assert any and all objections that may be applicable.

Upon consideration of your request, the Department rejects it. Specifically, your request is denied because the testimony you seek is subject to the grand-jury-secrecy privilege, classified information privilege, law enforcement privilege, and executive privilege. *See id.* § 16.26(a)(2) ("In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider . . . [w]hether such disclosure is appropriate under the relevant substantive law concerning privilege."). To the extent that the testimony you seek encompasses non-privileged information, Mr. Smith's extensive public testimonies and report are adequate substitutes. Additionally, your request is denied because the deposition of Mr. Smith—a former high-ranking government official—would impose an undue burden on Mr. Smith and the Department.

***1. Grand-jury-secrecy rule:***

Your request is denied because it seeks testimony subject to the grand-jury-secrecy rule under Federal Rule of Criminal Procedure 6(e). *See Watson v. Kingdom of Saudi Arabia*, 2026 WL 2053878, at *4 (N.D. Fla. July 15, 2026) ("Rule 6(e) 'mandates that various persons who participate before the grand jury,' including Department of Justice attorneys, 'must not disclose a matter occurring before the grand jury." (quoting *Pitch v. United States*, 953 F.3d 1226, 1234 (11th Cir. 2020) (en banc))). Specifically, you seek "testimony regarding the evidence that Mr. Smith obtained over the course of his investigation," BBC Letter at 2, and "the sources of his evidence (including . . . name[s] [of] specific witnesses)," *id.* at 3. This information implicates the grand-jury-secrecy rule under Rule 6(e), which "applies 'not only to information drawn from transcripts of grand jury proceedings, but also to anything which may tend to reveal what transpired before the grand jury.'" *Watson*, 2026 WL 2053878, at *4 (quoting *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980)). Under the Department's *Touhy* regulations, such testimony is not authorized. *See* 28 C.F.R. § 16.26(b)(1) (providing that "disclosure will not be made" if it "would violate . . . the grand jury secrecy rule" under Rule 6(e)).

Indeed, as counsel for the BBC acknowledged during a recent evidentiary hearing in the above-referenced case, you are unable to determine whether *any* of the sought testimony falls outside the grand-jury-secrecy parameters. *See* Oct. 22, 2026 Hr'g Tr. at 80:14-18, 80:22-25, *Trump v. BBC*, No. 1:25-cv-25894 (S.D. Fla.), ECF No. 197 (in response to the court's question as to whether the "BBC agree[s] that the only additional firsthand information that Jack Smith can provide outside of his reports and numerous public testimony, is . . . grand jury information, under the purview of Federal Rule of Criminal Procedure 6," counsel for the BBC responded as follows: "As far as the 6(e) question, your Honor, the candid answer is I do not know until I ask [Mr. Smith] and until he tells me that I'm wandering into grand jury information").

In your request, you acknowledge that the sought testimony implicates the grand-jury-secrecy rule, but posit that you "could move for relief" from the secrecy requirement under Rule 6(e)(3)(E)(i). *See* BBC Letter at 3 (noting that previously, "Mr. Smith specifically declined to discuss the sources of his evidence (including declining to name specific witnesses) out of concern for violating [Rule] 6(e)" but stating that "the BBC could move for relief under Rule

6(e)(3)(E)(i)"). The Department's *Touhy* determination does not turn on any future decision by you to "move for relief" from the secrecy requirement. *See* 28 C.F.R. § 16.26(c) (explaining that disclosure "will not [be] approve[d]" "if the circumstances specified in paragraph[] (b)(1) . . . exist").

***2. Classified information privilege:***

Your request is also denied because it implicates classified information to which you are not entitled. *See id.* § 16.26(b)(3) (providing that "disclosure will not be made" if it "would reveal classified information, unless appropriately declassified by the originating agency"). The "evidence that Mr. Smith obtained over the course of his investigation," BBC Letter at 2, includes classified information as evident by a protective order in *United States v. Trump*. *See* CIPA Protective Order Pertaining to Classified Information. No. 1:23-cr-00257-TSC (D.D.C. Aug. 22, 2023), ECF No. 37. This protective order, which was issued under the Classified Information Procedures Act ("CIPA"), governed the handling of classified information in connection with the criminal prosecution arising out of the former Special Counsel's investigation. The court issued the protective order upon concluding that "[the] case will involve classified national security information, the storage, handling, and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a need-to-know." *Id.* ¶ 1.

Pursuant to the Department's *Touhy* regulations, your request for testimony pertaining to classified information is denied. *See* 28 C.F.R. § 16.26(c) (explaining that a request for disclosure "will not [be] approve[d]" "if the circumstances specified in paragraph[] (b)(3) . . . exist").

***3. Law enforcement privilege:***

Additionally, your request is denied because it seeks testimony subject to the law enforcement privilege. *See id.* §§ 16.26(b)(4)-(5) ("disclosure will not be made" if it "would reveal a confidential source or informant" or "investigatory records compiled for law enforcement purposes"). The Department's *Touhy* regulations "contemplate and prohibit" testimony when "it is reasonable to anticipate that information concerning the process and scope of the DOJ's investigation would be implicated." *Pitts v. United States*, 830 F. Supp. 3d 1299, 1308 (N.D. Ga. 2026) (citing 28 C.F.R. § 16.26(b)(5)). Your request for Mr. Smith's "testimony regarding the evidence that Mr. Smith obtained over the course of his investigation," BBC Letter at 2, is plainly a request for "investigatory records compiled for law enforcement purposes," 28 C.F.R. § 16.26(b)(5). Disclosure of this information is likely to reveal investigative and dissemination techniques whose "effectiveness . . . would be thereby impaired." *See id.* § 16.26(b)(5). This disclosure may also reveal a confidential source or informant, or may otherwise threaten the lives or safety of any individual. *See id.* § 16.26(b)(4).

The sensitivity of the testimony you seek is underscored by the entry of another strict protective order in *United States v. Trump*, which governed discovery in that matter. *See* Protective Order Governing Discovery and Authorizing Disclosure of Grand Jury Testimony, No. 1:23-cr-00257-TSC (D.D.C. Aug. 11, 2023), ECF No. 28. Specifically, the order provided that the covered information could be "used by the defendant and defense counsel . . . solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without

further order of the court." *Id.* ¶ 2. This protective order confirms that the information you seek is highly sensitive.

***4. Executive privilege:***

Moreover, your request is denied because the testimony you seek may pertain to information that is subject to the deliberative process privilege, which covers Executive Branch materials "reflecting advisory opinions, recommendations and deliberations." *See Fla. House of Representatives v. U.S. Dep't of Com.*, 961 F.2d 941, 947 (11th Cir. 1992) (citation omitted); *see also Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004) (explaining that such materials are "normally privileged in the civil discovery context"). The sought testimony regarding the "evidence" gathered by the former Special Counsel in preparation for his final report may include internal memoranda and other deliberative materials that are covered by this privilege. *See Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002) (explaining that the privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001))). Disclosing such deliberative materials would jeopardize the Department's ability to, among other things, "freely explore possibilities" and "engage in internal debate." *Moye, O'Brien, O'Rourke, Hogan & Pickert*, 376 F.3d at 1277. Your request is also denied to the extent that the testimony may lead to the disclosure of presidential communications obtained by Mr. Smith during the course of his investigation. *See In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997); *see also Protect Democracy Project, Inc. v. NSA*, 10 F.4th 879, 886 (D.C. Cir. 2021) ("[W]hat was said by or directly to the President lie at the heart of the presidential communications privilege."); *In re Sealed Case*, 121 F.3d at 752 (explaining that even "communications made by presidential advisers in the course of preparing advice for the President come under the presidential communications privilege, even when these communications are not made directly to the President"). The executive privilege thus provides additional grounds for denying your request.

Although both the law enforcement privilege and executive privilege are qualified, you have not established any need outweighing either the public interest in the effective functioning of law enforcement (including protection of law enforcement techniques, witnesses, and law enforcement personnel), or the public interest in protecting Executive-Branch confidentiality. You maintain that testimony from Mr. Smith is relevant to the underlying suit because "[t]he scope of relevant discovery . . . includes '[Plaintiff President Trump's] intention behind the speech [on January 6] and anything that bears on the impression his audience could have reasonably obtained in listening to the speech,' specifically 'whether that impression was given or received; if that impression was given or received, whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm.'" BBC Letter at 2 (quoting Omnibus Order Following Disc. Hr'g on Joint Mot. for Disc. Hr'g at 9-11, *Trump v. BBC*, No. 1:25-cv-25894 (S.D. Fla.), ECF No. 120). But you fail to establish that Mr. Smith has any personal insight into, or first-hand knowledge of, the events of January 6, 2021. At most, you maintain that Mr. Smith has "spent years gathering evidence on those topics." *Id.* But any purported "need" for such second-hand knowledge cannot outweigh the Department's significant interest in preserving the confidentiality of materials subject to law enforcement privilege and executive privilege. *See, e.g.*, *In re Polypropylene Antitrust Litig.*, 181 F.R.D. 680, 687 (N.D. Ga. 1998) (explaining that the purpose of the law enforcement privilege "is to prevent

disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation" (quoting *In re Dep't of Investigation*, 865 F.2d 481, 484 (2d Cir. 1988))); *Moye, O'Brien, O'Rourke, Hogan & Pickert*, 376 F.3d at 1277 ("The purpose of [the deliberative process] privilege is to allow agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny"); *Loving v. DOD*, 550 F.3d 32, 37 (D.C. Cir. 2008) (explaining that the presidential privilege "preserves the President's ability to obtain candid and informed opinions from his advisors and to make decisions confidentially" (citation omitted)).

Your request is denied even if it encompasses some nonprivileged testimony. Given the generally protected nature of the testimony you seek, *see supra* pp. 2-4, any nonprivileged testimony encompassed in your request cannot be "isolate[d]" from the privileged testimony. *United States v. Ragland*, 2009 WL 10670132, at *5 (S.D. Fla. June 19, 2009). For instance, as explained above, you have already acknowledged that you cannot identify whether any of the information you seek from Mr. Smith would fall outside the grand-jury-secrecy rule. *See supra* p. 2.

Moreover, to the extent that you seek any nonprivileged information, the publicly available report and testimonies by Mr. Smith serve as adequate substitutes. *See, e.g.*, Jack Smith, Special Counsel, U.S. Dep't of Justice, *Report of the Special Counsel on the Investigation into Interference in the 2020 Presidential Election and Related Matters, Volume One* (Jan. 2025); Jack Smith, Special Counsel, U.S. Dep't of Just., *Statement of Special Counsel Jack Smith* (June 11, 2024), available at https://www.justice.gov/archives/sco-smith/video/statement-special-counsel-jack-smith. Although you state that Mr. Smith's "report and prior testimony before Congress is no substitute [for his testimony]," BBC Letter at 2, you have not substantiated that assertion. Instead, you proffer a generalized objection that there are "substantial differences between a deposition conducted under the Federal Rules and an interview conducted by a congressional committee." *Id.* Given the comprehensive nature of Mr. Smith's public report and testimonies, they provide an adequate alternative avenue for any nonprivileged testimony encompassed in your request. *See Ragland*, 2009 WL 10670132, at *5 (considering the reasonableness of the *Touhy* denial in light of the availability of other sources for the information); *see also* Oct. 22, 2026 Hr'g Tr. at 68:11-13, *Trump v. BBC*, No. 1:25-cv-25894 (S.D. Fla.), ECF No. 197 (acknowledging "the wealth of public information that we have concerning Special Counsel Smith's investigation, conclusions, and findings").

***5. Undue burden:***

Lastly, your request is denied because it would impose an undue burden on the Department, which is not a party to the litigation. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *Agility Public Warehousing Co. K.S.C.P. v. DOD*, 246 F. Supp. 3d 34, 48-49 (D.D.C. 2017) (concluding that in denying a *Touhy* request, the agency is entitled to consider the burden that requested discovery would place on it).

Mr. Smith, as the former Special Counsel, was a high-ranking government official, and "there is a presumption against deposing high-ranking government officials." *United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021) (citation omitted). This presumption stems from the apex doctrine, which "serves several purposes: (1) to protect the integrity and independence of

the government's decision-making processes, (2) to permit high-ranking government officials to perform their official tasks without disruption or diversion, and (3) to limit indiscriminate depositions that would discourage individuals from accepting positions as public servants." *Id.* (citation modified). The doctrine applies fully to high-ranking government officials even after they leave office. *See, e.g., id; United States v. Wal-Mart Stores, Inc*., 2002 WL 562301 at *3 (D. Md. Mar. 29, 2002) ("Subjecting former officials['] decision-making processes to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service."). Under the apex doctrine, former and current high-ranking government officials, should not—absent "extraordinary circumstances"—be deposed or called to testify regarding an agency's reasons for taking, or facts regarding, official action. *See In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993).

The sought testimony pertains to information obtained by Mr. Smith in his former role as Special Counsel for the Department. You have not met your burden of establishing the presence of "extraordinary circumstances" to justify your request. *See FDIC v. Galan-Alvarez*, 2015 WL 5602342, at *3 (D.D.C. Sep. 4, 2015) (explaining that the party seeking the testimony of the high-ranking government official bears the burden of showing "extraordinary circumstances"). Extraordinary circumstances exist if "the official has unique firsthand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Id.* at *3 (citation omitted). As noted above, you have not shown that Mr. Smith has "unique firsthand knowledge," of the events of January 6, 2021. *See supra* p. 4. Similarly, you have not met your burden of establishing that Mr. Smith's various public testimonies and report do not serve as "less burdensome or intrusive means" of obtaining the sought information. *Id.* In these circumstances, any deposition of the former Special Counsel would be improper under apex principles and impose undue burdens on him as well as on the Department, which would have to take steps to protect Government information during the deposition.

***

For the foregoing reasons, the Department declines to authorize the requested testimony. Please let me know if you have any questions or would like to discuss further.

Sincerely,

*/s/ Pardis Gheibi*
Pardis Gheibi

*Counsel for the United States*

Enclosure