**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE SUBPOENA TO JACK SMITH**<br><br>BRITISH BROADCASTING CORP.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE – CIVIL DIVISION, FEDERAL PROGRAMS BRANCH,<br><br>Respondent. | Case No. 1:26-mc-00188-JEB |

# REPLY MEMORANDUM IN FURTHER SUPPORT OF THE BBC'S MOTION TO COMPEL THE DEPOSITION OF JACK SMITH AND TO AUTHORIZE DISCLOSURE OF CERTAIN GRAND JURY INFORMATION

Petitioner the British Broadcasting Corporation (the "BBC"), by and through counsel, respectfully submits this reply in further support of its motion (ECF 1) to compel the deposition of former Special Counsel Jack Smith and to authorize Mr. Smith to disclose certain grand jury information from his investigation into January 6, 2021 pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure. In its opposition ("Opp.") (ECF 10), Respondent the Department of Justice ("DOJ") essentially repeats the same erroneous arguments that it asserted in denying Mr. Smith authorization to testify.

**First**, DOJ objects that the BBC seeks testimony that includes grand jury information, but DOJ concedes that this Court can authorize Mr. Smith to disclose such information and that the BBC has sought that authorization. Moreover, the BBC has explained that even if the Court were to deny the BBC's request, Mr. Smith's testimony would still be valuable, in particular to establish the evidentiary bona fides of his investigation and the resulting Special Counsel's Report, which

are vital considering the caustic criticism that President Trump's then-private attorney, now-Attorney General Todd Blanche has directed at Mr. Smith and his work. *See* Dep't of Justice, *Final Report on the Special Counsel's Investigations and Prosecutions, Volume One: The Election Case* (Jan. 7, 2025) ("*Smith Rep.*") at Addendum p. 2, https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf (referring to Mr. Smith as an "out-of-control private citizen unconstitutionally posing as a prosecutor").

**Second**, DOJ raises red-herring concerns over classified information, as the court in *United States v. Trump* noted that the case involved "relatively limited classified discovery," *see* Op. & Order at 3, *United States v. Trump*, No. 23-cr-257-TSC (D.D.C. Oct. 6, 2023), ECF 82. The BBC has been clear that it does not seek Mr. Smith's testimony on these limited classified issues, and a seasoned prosecutor such as Mr. Smith can refrain from revealing any of that limited classified material at his deposition.

**Third**, DOJ mistakenly insists that Mr. Smith's report and prior congressional testimony substitute for his deposition, even though the BBC seeks Mr. Smith's testimony about evidence from his investigation that he has not yet disclosed, despite the substantial differences between a deposition conducted under the Federal Rules and an interview conducted by the legislature, and even though DOJ provides no indication that President Trump will not oppose introduction of the prior testimony in his Florida litigation.

**Fourth**, DOJ ignores the basic requirements of defamation law and the facts of the underlying lawsuit in objecting to the BBC's request for relief under Rule 6(e)(3)(E)(i). Regardless of the dicta that DOJ cites from the decision denying the BBC's motion to dismiss, because the First Amendment requires a public figure defamation plaintiff to prove that the statement he challenges is false, President Trump must prove that he did ***not*** foment the violence

at the Capitol on January 6. Yet according to his report, Mr. Smith's investigation obtained "strong evidence that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his coconspirators leveraged it to carry out their conspiracies." *See Smith Rep.*, at 67 n.193. This Court can and should authorize Mr. Smith to disclose that evidence because his testimony is needed to avoid the possible injustice of the BBC being held liable in a case where the sitting President seeks billions of dollars in damages for a news publication that offends him. This powerful need for Mr. Smith's testimony outweighs the minimal need for continued secrecy, and the BBC's request is narrowly focused on authorizing Mr. Smith to disclose only the evidence that the BBC needs to defend itself.

DOJ's arguments against Mr. Smith testifying should be viewed with skepticism for an additional reason. Just two months ago, DOJ authorized Mr. Smith to testify before the Senate Judiciary Committee at a hearing titled, "Oversight of Jack Smith's Abuse of Authority and the Targeting of Republicans and Related Matters." None of the grounds asserted here caused DOJ to prohibit Mr. Smith from testifying before that committee. This Court can and should consider whether DOJ's shifting positions call its arguments against Mr. Smith's testimony into question.

## I. DOJ's Claims About Grand Jury Privilege And Classification Are Red Herrings.

DOJ ignores the facts of this case with it first objection, that the BBC seeks testimony from Mr. Smith protected by "grand-jury-secrecy privilege" or "classified-information privilege," *see* Opp. at 8-10. For one, objecting that the BBC seeks grand jury information puts the cart before the horse, because the government concedes that this Court can authorize Mr. Smith to disclose grand jury information under Rule 6(e)(3)(E)(i) and that the BBC has asked this Court to do so. *See, e.g.*, Opp. at 9. For another, the DOJ's specter of classified information ignores that, by all accounts, classified information played essentially no role in Mr. Smith's investigation into January 6. As the Special Counsel's Office explained in open court, the classified material in the

January 6 case amounted to "five to ten nonduplicative classified documents totaling less than a hundred pages of material," plus the transcript of a witness interview "about 125 pages long," such that "between the documents and the transcript, we're talking about 225, 250 pages total." *See* Aug. 28, 2023 Hr'g Tr. at 43:16-44:10, *United States v. Trump*, ECF 38. The government did not even "anticipate introducing classified information in [its] case-in-chief." *Id.* at 44:21-22. There is accordingly no reason to believe that the BBC's questions for Mr. Smith would even bear on this limited set of classified information. The government cannot credibly argue that it must forbid Mr. Smith from testifying to protect against the remote possibility that the BBC's questions might unintentionally elicit classified information and the equally remote possibility that Mr. Smith would disclose that information in his answers.

**II. Mr. Smith's Report And Prior Testimony Do Not Substitute For His Deposition.**

DOJ's second objection, that Mr. Smith's prior congressional testimony should suffice, overlooks the differences between congressional testimony and a civil deposition and ignores the limitations that Mr. Smith imposed on himself when he testified previously. President Trump has not stipulated to the admissibility of any of Mr. Smith's prior testimony. Moreover, the D.C. Circuit has recognized that congressional testimony is no substitute for deposition or courtroom testimony, because "[c]ongressional examination was shaped in part by the demands of television and electoral politics, rather than by the rules of evidence and the norms of a fair adversary proceeding." *See United States v. North*, 910 F.2d 843, 907-08 (D.C. Cir. 1990). Moreover, in his prior testimony, Mr. Smith did not disclose grand jury information because he did not have authorization to do so. Thus, Mr. Smith's prior testimony did not address the "strong evidence" that the Special Counsel's investigation obtained "that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his co-conspirators leveraged it to carry out their conspiracies," *see Smith Rep.* at 67 n.193, how the investigators obtained that

evidence, and which witnesses or records the BBC could subpoena to obtain that evidence. Because the BBC can obtain the answers to those questions only by asking them of Mr. Smith for itself, and the answers to those questions are potentially dispositive of President Trump's defamation claim, Mr. Smith's prior testimony cannot substitute for his deposition in this matter.

**III. The BBC Has Justified Disclosure Under Rule 6(e)(3)(E)(i).**

The BBC and DOJ agree that the three-part test from *Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979), provides the standard for deciding whether to authorize the disclosure of grand jury information under Rule 6(e)(3)(E)(i), but DOJ errs in its analysis of each of those prongs. Under a proper application of *Douglas Oil*, the BBC has justified authorizing Mr. Smith to disclose the limited but important information that the BBC seeks.

**A. Mr. Smith's testimony is needed to avoid injustice.**

In arguing that Mr. Smith's testimony is not necessary to avoid injustice, DOJ misapprehends how proof of falsity works in public-figure defamation cases and mischaracterizes the BBC's diligent efforts to pursue information from other sources.

**First**, in claiming that Mr. Smith's testimony is unimportant to the BBC's case, DOJ points to the Florida court's decisions quashing the BBC's subpoena to Cassidy Hutchinson and denying in part the BBC's motion to dismiss President Trump's defamation claim. *See* Opp. at 17-20. But DOJ does not mention that the decision as to Ms. Hutchinson turned on her objection to the burden of testifying while she faced potential criminal charges, *see generally* Order Consolidating Cases & Quashing Subpoena at 1-2, *Trump v. BBC*, No. 25-cv-25894 (S.D. Fla. Sept. 24, 2026), ECF 175 ("Ms. Hutchinson points out that she is presently the subject of a criminal investigation by the Department of Justice, a federal agency under the supervision of the Plaintiff in this lawsuit"), or that the question of falsity was not at issue in the BBC's motion to dismiss, *see* Order Granting in

Part & Denying in Part Def.'s Mot. to Dismiss at 7, *Trump v. BBC*, ECF 209 (listing the grounds on which the BBC moved).

**Second**, DOJ errs in assessing the relevance of Mr. Smith's testimony. A public official defamation plaintiff must prove that the statement he challenges is false. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 775 (1986); *Montgomery v. Risen*, 875 F.3d 709, 713 (D.C. Cir. 2017). Moreover, when a defamation plaintiff claims that he has been defamed by the alleged alteration of his own words, the plaintiff cannot prove falsity merely by showing that his words have been altered. Instead, the plaintiff must show that the alteration created a "material change in meaning" from what he actually said. *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516 (1991). Here, President Trump claims the BBC defamed him by editing his Ellipse speech to imply that he fomented violence on January 6. President Trump must therefore prove that the BBC's edit materially changed the meaning of his speech, and he cannot do so if the meaning of his speech was to foment violence. Thus, to prevail on his claim, President Trump must prove his January 6 speech did ***not*** foment violence at the Capitol.

DOJ's argument that "the alleged false statement is something different," *see* Opp. at 18, ignores these controlling Supreme Court precedents and defies logic. Consider, for example, an edited video that combines a quote from the opening paragraph of President Trump's Second Inaugural Address ("the golden age of America begins right now") and a quote from its closing paragraph uttered 30 minutes later ("our golden age has just begun") to create a sentence ("the golden age of America has just begun") that President Trump did not deliver. *See The Inaugural Address*, The White House (Jan. 20, 2025), https://www.whitehouse.gov/remarks/2025/01/the-inaugural-address/. By DOJ's logic, that edit could give rise to a defamation claim because President Trump never spoke those exact words; according to *Masson*, however, it cannot, because

the edit does not result in a material change in meaning to what President Trump actually said. Thus, even if the BBC's challenged edit resulted in a sentence that President Trump never spoke, and even if that edit clipped together two different portions of a speech that were separated substantially in time, that is not enough to demonstrate falsity. President Trump must instead show that the meaning of the BBC's edit – which President Trump alleges was to imply he fomented violence – is different from the meaning of his Ellipse speech.

If the BBC can obtain the "strong evidence" that Mr. Smith gathered to show "that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his co-conspirators leveraged it to carry out their conspiracies," *see Smith Rep.* at 67 n.193, then President Trump will not be able to prove that the BBC's edit materially changed the meaning of his speech, because he will not be able to prove that he did ***not*** foment violence on January 6. *See also* Omnibus Order at 9-11, *Trump v. BBC*, ECF 120 (recognizing that the proper scope of discovery includes President Trump's "intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," such as "whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm"). Mr. Smith's testimony is therefore necessary to avoid the injustice that would occur if the BBC were held liable, and assessed damages, for publishing a nonactionable statement.

**Third**, DOJ insists that the BBC has not "exhausted the normal discovery process," Opp. at 19, but the BBC has diligently pursued discovery from President Trump himself and other eyewitnesses to President Trump's actions and inaction on January 6, despite constant opposition from President Trump and DOJ. Moreover, DOJ errs in claiming that exhaustion is even required. As this Court explained in *In re Smith*, 2025 WL 843279 (D.D.C. Mar. 18, 2025), in a passage that

DOJ itself quotes, *see* Opp. at 19, a party *can* demonstrate necessity for disclosure by showing that the requested "material is central to litigating a case and the party has exhausted the normal discovery process to no avail." 2025 WL 843279, at *4. But DOJ ignores the rest of that same paragraph, where this Court went on to explain that "there is not 'a *per se* rule against disclosure' even when 'all of the relevant material could be obtained through civil discovery tools.'" *Id.* (this Court's emphasis) (quoting *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987) (cleaned up)). Exhaustion thus may be a sufficient condition for disclosure in some circumstances, but it is not a *necessary* condition for disclosure under Rule 6(e)(3)(E)(i).

Indeed, the same paragraph in *Smith* adds even more support for unsealing. As this Court recognized, the test for disclosure under Rule 6(e)(3)(E)(i) is "'a highly flexible one,' and courts have 'wide discretion' to determine when 'the equities lean in favor of disclosure.'" 2025 WL 843279, at *4 (quoting *John Doe, Inc. I*, 481 U.S. at 116-17 (cleaned up)). The equities of this case favor disclosure to avoid the injustice of the sitting President suing a news organization for defamation, claiming that its reporting is false, and then allowing his Executive Branch to prevent the news organization from obtaining evidence establishing that its reporting is true. *See, e.g.*, *Trump v. IRS*, 836 F. Supp. 3d 1225, 1244 (S.D. Fla. 2026) (noting that, under Executive Order 14215, federal agencies such as DOJ are "unable to advance any legal position or interpretation—however legitimate or well-reasoned—contrary to that held by . . . President Trump"). Under the "highly flexible" test of Rule 6(e)(3)(E)(i), therefore, this Court can and should authorize Mr. Smith to disclose the information that the BBC seeks.

**B. The substantial need for disclosure outweighs the minimal need for secrecy.**

DOJ compounds its errors in the *Douglas Oil* analysis in arguing that the need for secrecy outweighs the need for disclosure. The need for disclosure, as noted above, is immense, because

disclosure will allow a news organization to defend itself from a defamation claim brought by the President over how that news organization reported on a speech he delivered just outside of the White House. The need for secrecy, however, is minimal. DOJ claims that allowing Mr. Smith to testify will send a "chilling signal to grand jury witnesses," Opp. at 20, but there is another, even more powerful signal to consider: the grand jury that indicted President Trump found that he "directed the crowd in front of him to go to the Capitol as a means to obstruct the certification and pressure the Vice President to fraudulently obstruct the certification," and that he "attempted to exploit the violence and chaos at the Capitol" once it was under way. *See* Superseding Indictment ¶¶ 86, 97, *United States v. Trump*, ECF 226. DOJ dismissed that indictment only because President Trump was re-elected, notwithstanding "the gravity of the crimes charged, the strength of the Government's proof, or the merits of the prosecution, which the Government stands fully behind." *See* Mot. to Dismiss at 1, *United States v. Trump*, ECF 281. For President Trump to sue a news organization and claim it defamed him by implying that he fomented violence on January 6, and for the same DOJ to now prevent the news organization from obtaining the evidence it needs to defend itself from that claim, would send a chilling message to future grand jury witnesses and grand jurors alike.

**C. The BBC has requested only the information it needs to defend itself.**

DOJ's final error is claiming that the BBC's request for disclosure is "broad and vague," *see* Opp. at 22, when the BBC has in fact made a narrow request to "authorize Mr. Smith to disclose the evidence from his investigation that President Trump incited violence on January 6." *See* ECF 1-1 at 3. Just looking at the Table of Contents of Mr. Smith's Report illustrates the error of DOJ's position: the BBC is not interested in asking Mr. Smith about "Mr. Trump's Pressure on State Officials," or "Mr. Trump's Fraudulent Elector Plan," or "Mr. Trump's Misuse of Official Power

Through the Justice Department," or "Mr. Smith's Pressure on the Vice President" (except to the extent that inciting violence at the Capitol was an application of such pressure). *See Smith Rep.* at i. The BBC is interested in asking Mr. Smith only about "Mr. Trump's Supporters Attack the United States Capitol," *id.*, as that is the topic at issue in President Trump's lawsuit. The BBC's request is thus structured to cover only the material it needs, and the third and final element of the *Douglas Oil* test is satisfied.

## CONCLUSION

For the foregoing reasons and those set forth in the BBC's initial brief, the Court should grant the BBC's motion to compel; require DOJ to permit Mr. Smith to comply with the BBC's deposition subpoena; and authorize, pursuant to Rule 6(e)(3)(E)(i), Mr. Smith's testimony concerning grand jury matters to the extent relevant to the claims and defenses in *Trump v. BBC*.

Dated: November 24, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By: *\/s\/ Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Yanni Chen (#1724687)
Maya Gandhi (#NY0584)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2218 | Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

Sasha Dudding (#1735532)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Attorneys for Petitioner*